IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JASON T. BAKER                                                                      PLAINTIFF

            v.                    Civil No. 12-2135

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jason Baker, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed his application for DIB on February 16, 2010, alleging an onset date of December 9, 2009, due to common variable immunodeficiency "(CVID)"[2], chronic sinusitis, recurring upper respiratory infections, depression, fatigue, and back pain. Tr. 11, 127-133, 174. His claims were denied both initially and upon reconsideration. Tr. 80-82, 87, 91-92. An administrative hearing was then held on March 30, 2011. Tr. 30-73. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]CVID is an immune system disorder resulting in low levels of several of the proteins (antibodies) that help fight infections. It leaves the individual open to recurrent infections in the ears, sinuses, and respiratory system, and increases their risk of digestive disorders, blood disorders and cancer. *See Common Variable Immunodeficiency*, http://www.mayoclinic.org/common-variable-immunodeficiency/ (Last accessed May 22, 2013).

AO72A
(Rev. 8/82)

At this time, Plaintiff was 35 years of age and possessed the equivalent of a high school education. Tr. 34. He had past relevant work ("PRW") experience as a wire drawer, jailer, auto mechanic, auto salesman, welder, and truck washer. Tr. 119, 183, 199.

On December 14, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's common variable immunodeficiency, degenerative disk disease of the lumbar spine, and bilateral carpal tunnel syndrome did not meet or equal any Appendix 1 listing. Tr. 13-15. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work requiring frequent but not constant handling and fingering bilaterally and less than moderate exposure to temperature extremes, humidity, fumes, odors, dusts, gases, and poor ventilation. Tr. 15-19. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as a charge account clerk, addressing clerk, and escort vehicle driver. Tr. 20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 30, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 11, 12.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the

case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has ehngaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. The 8th Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

And, Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id*.

In the present case, Plaintiff has been diagnosed with CVID, which the evidence indicates leaves Plaintiff susceptible to a number of infections. Treatment records indicate that Plaintiff has undergone at least monthly intravenous ("IV") antibiotic treatments since 2002 coupled with frequent oral antibiotics to ward off recurrent sinus and upper respiratory infections. His IV treatment alone would require him to miss at least one day of work per month, as the treatment itself takes 6 hours. And, Plaintiff testified that the frequency of his treatment had recently increased to weekly treatments rendering him likely to miss three to four days of work per month. The evidence also indicates that for at least one day following his treatment, Plaintiff experiences flu-like symptoms that impact his ability to work. Further, Plaintiff has consistently reported the inability to hold down a job due to his frequent absences from work related to recurrent infections and treatment. Employment records show that Plaintiff was absent 11 days and left early 5 days from January 1, 2009, until December 6, 2009. Tr.

AO72A
(Rev. 8/82)

161-169. Doctors also noted Plaintiff's frequent work absences, and the medical records show numerous treatments for infections. Tr. 267-88, 271, 340-88, 392-1453, 1520-1709.

Plaintiff's treating specialist, Dr. Ziegler, completed an attending physician's statement. He indicated that Plaintiff would need to take unscheduled breaks, would miss more than 4 days of work per month due to his impairments, and would not be able to work 8 hours a day/40 hours per week. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (holding that Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist). Dr. Nowlin, Plaintiff's treating general practitioner also indicated that Plaintiff could not be capable of working 8 hours per day/40 hours per week and would miss about 3 days of work per month. The ALJ, however, rejected these limitations, stating that they were not supported by the record. We disagree. Based on our review of entire record, we find that remand is necessary to allow the ALJ to reconsider the evidence concerning Plaintiff's CVID and its impact on his ability to work 8 hours per day/40 hour per week and maintain attendance.

On remand, the ALJ should recontact both Drs. Ziegler and Nowlin, asking them to provide information concerning the objective bases for their assessments. Noting that CVID patients have a weakened immune system allowing them to contract various viral and bacterial infections, many of which the average person would not contract, and making it more difficult to treat and recover from these infections, the ALJ should also develop the record further by requesting additional information for Plaintiff's doctors concerning this disorder.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

AO72A
(Rev. 8/82)

DATED this 23rd day of May 2013.

                                            /s/ *J. Marschewski*
                                      HON. JAMES R. MARSCHEWSKI
                                      CHIEF UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**